## LEONARD *vs.* JOHNSON, ET AL.

[MOTION BY SHERIFF, FOR DIRECTIONS FOR APPLICATION OF MONEY MADE UNDER EXECUTION.]

1. *Circuit or city court; what order, has no authority to make, on sheriff's motion for instructions how to apply money made on executions.*—The city or circuit court, on the mere motion of the sheriff, to direct him how to dispose of the proceeds of property sold by him under execution, is not authorized to order its application first to the discharge of the liens of laborers, who are not parties to the suit, nor judgment creditors, and next to the satisfaction of the judgment.

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOMAS M. ARRINGTON.

The opinion contains the material facts of the case.

WATTS & TROY, for appellants.—1. The city court had no jurisdiction of the motion. If the laborers had any lien, it was purely equitable, but if they had held the legal title to the property under a mortgage from Friar duly recorded, the city court had no jurisdiction to direct the sheriff to pay to them the proceeds of the sale of the property; their remedy is trespass, or case against the sheriff; and the sheriff's remedy is on his indemnifying bond, which the court will presume that he required and took, after notice, which the record shows he had, of the adverse claims of the laborers.—Revised Code, § 2858; Crather on Sheriffs, §§ 449, 452.

3. It does not appear from the proceedings, nor from the testimony, that the sheriff attempted to sell the absolute property in the crop levied upon; even granting that the laborers occupy the position of legal mortgagees, the sheriff had the right to sell the interest of Friar in the crop, and it does not appear that he sold, or attempted to sell anything more.—Revised Code, § 2871.

RICE, SEMPLE & GOLDTHWATIE, *contra.* (No brief on file.)

Leonard v. Johnson et al.

B. F. SAFFOLD, J.—The sheriff having levied an execution on some cotton and sold it, brought the proceeds into court, and moved the court to direct him how to dispose of it. He stated in his motion, that the cotton was the property of the defendant in the execution, but that certain persons, not parties to the record, claimed it under a contract and lien for laborers' wages. The plaintiff in execution, and the claimants, appeared in court, the former to resist the motion, on the ground of want of jurisdiction of the court, and the latter to ask the appropriation of the money to their demands. The proof showed that the demands of the complainants were open accounts for work and labor done on a plantation of the defendant, under a verbal agreement by which they were to be paid out of the crop. The contract with each laborer was separate and distinct from the others. No writ of inquiry was executed to determine the precise amount which each claimant was entitled to receive. No judgment was rendered against the defendant in favor of the laborers, and no bond was taken for the trial of right of property. The court adjudged that the sheriff should first discharge the said liens, and then apply the balance in satisfaction of the judgment.

No provision of chapter 2, title 2, part 3 of the Revised Code for the trial of right of property is applicable to this case. Statutory law is the only authority for a summary adjudication of the rights of third persons to property levied on under execution. The remedy of the laborers, if they had any, was by bill in chancery. The defendant was entitled to have his day in court to defend against the claims of the laborers.

The judgment is reversed, and the case is remanded, that the court may dispose of the motion of the sheriff, in conformity with this decision.